# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLA F. HUGHES,<br><br>    Plaintiff,<br><br>    v.<br><br>LINCARE, INC., a Delaware corporation; LINCARE HOLDINGS, INC., a Delaware corporation; ROBERT FOSDICK; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 14-cv-05350 NC<br><br>**SECOND ORDER RE: SUPPLEMENTAL SUBMISSIONS ON MOTION FOR REMAND** |

The Court previously ordered defendants to submit further evidence substantiating their assumptions regarding the work-related miles driven by the putative class members for purposes of determining the amount in controversy in this case. Dkt. No. 23. In response, defendants submitted a declaration which states that, based on a review of Lincare records from January 1, 2014 through June 30, 2014, "those employees submitting mileage reimbursement during that time period claim to have driven an average of 1,448 miles each month on behalf of the Company." Dkt. No. 27-1 at 2-3. Defendants then multiply the average amount by the total number of months worked by the 842 putative class members. *See* Dkt. No. 17-1 at 2; 27 at 3. However, the declaration does not indicate whether all the employees in the sample period submitted mileage reimbursement requests for all the months in that period. Plaintiff asserts that she will not seek recovery on her

Case No. 14-cv-05350 NC
ORDER RE: SUPPLEMENTAL
SUBMISSIONS

behalf and on behalf of the class members for any mileages beyond what is within defendants' records. Dkt. No. 30 at 2. Thus, if a small percentage of employees in the putative class submitted mileage reimbursement requests, this would significantly reduce the estimated amount in controversy. And even if plaintiff were seeking recovery for miles for which no reimbursement requests were submitted, there is no evidentiary basis presented to estimate the amount of such miles.

Defendants do not dispute that they have in their possession the records to show how many miles each putative class member drove. If defendants choose to rely on a sampling to establish the amount in controversy, they must provide a factual basis for their assumption that every putative class member submitted a reimbursement request for every single month in the class period. Defendants must, at the very least, provide a supplemental declaration indicating (1) the total number of putative class members for each month in the sample period; and (2) the number of putative class members who submitted mileage reimbursement requests for each month in the sample period. This declaration and any supplemental brief, which must not exceed 3 pages, must be filed by March 25, 2015. By March 30, plaintiff may file a response to defendants' supplemental submission, limited to 3 pages, accompanied by any declarations or other evidence.

IT IS SO ORDERED.

Date: March 19, 2015

Nathanael M. Cousins
United States Magistrate Judge